# United States District Court
# Central District of California

| | |
|---|---|
| LIU HONGWEI, LI XIA, LIU SHUANG, XIE YOUSHANG, WANG YING, YU ZHIHAI, WANG WEI, AND YAN QIUJIN,<br><br>            Plaintiffs,<br><br>     v.<br><br>VELOCITY V LIMITED PARTNERSHIP, VELOCITY REGIONAL CENTER LLC, JELLICK ROWLAND LLC, YIN NAN WANG, A.K.A. MICHAEL WANG, NING-LEE KO, RUHEN CHEN, AND CHRISTINE GUAN,<br><br>            Defendants. | Case No. 2:15-cv-05061-ODW (Ex)<br><br>**ORDER DENYING PLAINTIFFS' REQUEST TO DISMISS COUNTS I AND II [100]; GRANTING MOTION FOR APPROVAL OF RATIFICATION BY REAL PARTIES IN INTEREST HOU YUNHANG AND ZHOU WENOI [101]; DENYING CORRECTED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JELLICK ROWLAND LLC AND YIN NAN (a.k.a. MICHAEL) WANG [101]** |

## I. INTRODUCTION

Plaintiffs Liu Hongwei, Li Xia, Liu Shuang, Xie Youshang, Wang Ying, Yu Zhihai, Wang Wei, and Yan Qiujin ("Plaintiffs") initiated this action against Defendants Velocity V Limited Partnership ("VLP"), Velocity Regional Center LLC ("VRC"), Jellick Rowland LLC ("Jellick"), Yin Nan Wang, a.k.a. Michael Wang ("Wang"), Ning-Lee Ko, Ruhen Chen, and Christine Guan (collectively, "Defendants") for securities fraud and negligent misrepresentation. (Compl., ECF No. 1.) Currently, only

two defendants, Jellick and Wang, remain in this action. (*See* ECF Nos. 92, 93.) The Clerk entered default against Jellick and Wang on January 14, 2016, and February 18, 2016, respectively. (ECF Nos. 35, 42.) On September 8, 2017, Plaintiffs requested the Court to enter default judgment against Jellick and Wang. (ECF No. 66.) The Court denied Plaintiffs' request for default judgment without prejudice on November 28, 2017. (ECF No. 94.) Plaintiffs now request the Court (1) approve the ratification by Hou Yunhang and Zhou Wenqi of the pursuit of claims in this action by named Plaintiffs Li Xia and Yan Qiujin; (2) dismiss Counts I and II of the Complaint; and (2) enter default judgment against Jellick and Wang. (Mot., ECF No. 101; Not. Dismissal, ECF No. 97.) For the reasons discussed below, the Court **DENIES** the Motion without prejudice and **DENIES** the request to dismiss Counts I and II.[1]

## II. FACTUAL BACKGROUND

Plaintiffs Liu Hongwei, Liu Shuang, Xie Youshang, Wang Ying, Yu Zhihai, Wang Wei, Hou Yunhang, and Zhou Wenqi ("Investor Plaintiffs")[2] are Chinese nationals who allege they are victims of a fraudulent scheme orchestrated by Defendants. (Compl. ¶¶ 1–9, 12.) Wang is the Manager and Chief Executive Officer of VRC, and the Manager of Jellick. (*Id.* ¶¶ 4, 5.) VRC is the general partner of VLP. (*Id.* ¶ 3.) In 2011, VLP devised a business plan (the "Business Plan") that was distributed to potential Chinese national investors, including Investor Plaintiffs. (*Id.* ¶ 19.) The Business Plan "stated that VLP, as a USCIS approved EB-5 project sponsor, would collect [an] investment fund of $15,000,000 from 30 investors" and then loan the money to Jellick for the purchase, renovation, renting, and future management of four buildings.[3] (*Id.* ¶ 20.)

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] As explained further below, Investor Plaintiffs Hou Yunhang and Zhou Wenqi are the children of the named plaintiffs Li Xia and Yan Qiujin, and have expressly ratified the pursuit of this lawsuit by their parents in compliance with Federal Rule of Civil Procedure 17(a)(3).

[3] EB-5 visas are available for foreign investors who have invested at least $500,000.00 in a "Targeted Employment Area," creating or preserving at least ten jobs for U.S. workers. (Compl. ¶ 18.)

Twenty-six individuals invested a total of $13,000,000 in VLP. (*Id.* ¶ 12.) Investor Plaintiffs are among the twenty-six investors and allege they were wrongfully induced to invest over $500,000 each in VLP. (*Id.* ¶¶ 12–13, 15.) Investor Plaintiffs were informed that once Jellick received the loan from VLP, Jellick would use the funds to acquire, renovate, operate, and manage buildings located at "2322, 2350 and 2370 South Garey Ave., Pomona, CA 91766" (the "Property"). (*Id.* ¶ 13.)

Plaintiffs allege that, up until May 2012, Defendants promised to obtain the first lien on the Property. (*See id.* ¶¶ 20–21, 25.) On February 15, 2012, without Investor Plaintiffs' knowledge, Jellick agreed to purchase the Property from the City of Pomona and conferred a first mortgage lien with the City of Pomona—leaving VLP's lien subordinate to the City of Pomona's lien. (*Id.* ¶ 24.) Wang and Jellick transferred $8,663,543.70 to several companies, some of which were controlled by Wang and other Defendants, and falsely characterized the transfers to Investor Plaintiffs as payments for construction expenses. (*Id.* ¶ 33.) Little construction was ever actually completed on the Property. (*Id.* ¶ 14.)

Plaintiffs filed their Complaint on July 5, 2015, claiming: (1) securities fraud under 15 U.S.C. § 771 against all Defendants; (2) securities fraud under 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 against all Defendants; (3) fraud and deceit (intentional misrepresentation of fact) against all Defendants; (4) negligent misrepresentation against all Defendants; and (5) breach of fiduciary duty against VRC. (*See generally* Compl.)

Defendant Guan answered Plaintiffs' Complaint on January 10, 2016. (ECF No. 29.) On May 9, 2016, Guan informed the Court that she had filed for Chapter 7 relief in the United States Bankruptcy Court for the Central District of California, thereby staying the case as to Guan. (ECF No. 49.) On January 4, 2017, Plaintiffs filed proofs of service indicating that they served Wang and Jellick. (ECF Nos. 26, 27.) After Wang and Jellick failed to respond to the Complaint, the Clerk entered default against both

Defendants. (ECF Nos. 35, 42.) Plaintiffs filed their first Application for Default Judgment against all Defendants on September 8, 2017. (ECF No. 66.)

On October 31, 2017, the Court ordered Plaintiffs to provide an explanation as to whether "there is no just reason for delay" to direct entry of default against two of the seven Defendants in accordance with Federal Rule of Civil Procedure 54(b). (ECF No. 67.) On November 12, 2017, Plaintiffs filed a Notice of Voluntary Dismissal, dismissing Velocity V Limited Partnership, Velocity Regional Center LLC, Ning-Lee Ko, and Ruhen Chen, without prejudice, from this action. (ECF Nos. 68, 92.) Plaintiffs also entered into and filed a Stipulation of Dismissal dismissing Guan from the action. (ECF Nos. 83, 93.) As a result, Defendants Wang and Jellick are the only remaining Defendants in the action. On November 28, 2017, the Court denied Plaintiffs' first application for default judgment because named Plaintiffs Li Xia and Yan Qiujin were not real parties in interest and, therefore, had not stated a claim on which they were entitled to default judgement. (Order, ECF No. 94.) The Court found that Plaintiffs presented no evidence as to why there was "no just reason for delay," under Federal Rule of Civil Procedure 54(b), to enter default for all Plaintiffs except Xia and Quijin. (Order 6.)

### III.  LEGAL STANDARD

Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment after the Clerk enters a default under Rule 55(a). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rules 55-1 and 55-2. Additionally, Rule 54(b) requires that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(a) (emphasis added).

If these procedural requirements are satisfied, a district court has discretion to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In

exercising its discretion, a court must consider several factors (the "*Eitel* Factors"), including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon entry of default, the defendant's liability generally is conclusively established, and the court accepts the well-pleaded factual allegations in the complaint as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

### A. Ratification

In its Order dated November 28, 2017 (Order 5–6, ECF No. 94), the Court concluded that Li Xia and Yan Qiujin are not real parties in interest under Federal Rule of Civil Procedure 17, because they are not actually investors in Velocity V Limited Partnership, nor have they pleaded allegations sufficient to establish that they fall within any exception under Rule 17. Therefore, the Court found that Xia and Qiujin had not stated a claim on which they may recover and were not entitled to default judgment. (Order 6.)

Rule 17(a) provides that, subject to certain exceptions, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Here, the action was filed in the name of Li Xia and Yan Qiujin, the parents of Velocity V investors Hou Yunhang and Zhou Wenqi. However, as provided under Federal Rule of Civil Procedure 17(a)(3), "[t]he Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This rule further provides that "[a]fter ratification,

joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id*. The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 712 (9th Cir. 1992) (quoting Fed. R. Civ. P. 17(a) advisory committee's note).

*Mutuelles* also held that a proper ratification pursuant to Rule 17(a) "requires the ratifying party to: 1) authorize continuation of the action; and 2) agree to be bound by the lawsuit's result." *Id*. The terms of the ratification provided by Hou Yunhang and Zhou Wenqi meet these legal requirements. Both have submitted declarations in which they expressly authorized continuation of this lawsuit and agreed to be bound by the results. Both Yunhang and Wenqi declared:

> As the named investor in Velocity V Limited Partnership, I hereby authorize the continuation of the District Court Case and agree to be bound by the outcome in the District Court Case. In other words, I ratify the continuation of the District Court Case by named Plaintiff [] and agree to be bound by the results.

(Hou Yunhang Decl. ¶ 15; Zhou Wenqi Decl. ¶ 14, ECF No. 101-1.) *See also Robertson v. McNeil-PPC Inc.*, No. CV 11-09050 JAK (SSx), 2014 WL 12576817, at *3 (C.D. Cal. Jan. 13, 2014) (upholding as sufficient to ratify under Rule 17(a): "As the trustee of the Bankruptcy Case, by this declaration, I hereby authorize the continuation of the District Court Case and agree to be bound by the outcome in the District Court Case, subject to any settlement being approved by the Bankruptcy Court. In other words, I ratify the continuation of the District Court Case and agree to be bound by the results."); *see also Pabon Lugon v. MONY Life Ins. Co.*, 465 F. Supp. 2d 123, 128 (D.P.R. 2006) (upholding ratification where "[Plaintiff], through the 'Certification of Ratification Resolution' . . . ratified the present lawsuit, authorized its continuation, and agreed to be bound by the results.").

Consistent with these principles, courts in the Ninth Circuit, when evaluating

whether to permit ratification, apply the "mistake or strategic decision test," which asks whether the failure to include the real party in interest was a mistake or was the product of tactical maneuvering. *See Robertson*, 2014 WL 12576817, at *3 (concluding that ratification "will resolve a standing issue so long as Plaintiff's decision to sue in her own name represented an understandable mistake and not a strategic decision."); *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) ("Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake[.]"); *cf. Vacchiano v. Wessell*, No. CV 12-2002-DSF-VBK, 2014 WL 1225301, at *4 (C.D. Cal. Mar. 24, 2014) (rejecting ratification where plaintiff's choice to sue in his own name rather than the name of his corporate entity was a "purely strategic decision").

Here, the inclusion of Li Xia and Yan Qiujin as named Plaintiffs, in place of Hou Yunhang and Zhou Wenqi, was based on a mistake and not for the purposes of tactical maneuvering. (Jeffrey Jacobs Decl. ¶¶ 17–19, ECF No. 101-1.) Hou Yunhang and Zhou Wenqi took the lead in locating and funding the investments at issue and were part of the investor group that communicated with and retained counsel in this case. (Yunhang Decl. ¶ 13; Wenqi Decl. ¶ 12.) In addition, there was no tactical advantage gained by the inclusion of the names of the two parents of Plaintiffs rather than their two children. (Mot. 7.)

For the foregoing reasons, the Court finds that the declarations are sufficient to ratify the claim and, thus, approves the ratification. Therefore, the action may proceed for the benefit of Hou Yunhang and Zhou Wenqi, under the direction and control of Li Xia and Yan Qiujin, respectively.

**B.  Request to Dismiss Counts I and II of the Complaint**

On December 28, 2017, Plaintiffs requested to dismiss Count I (securities fraud pursuant to 15 U.S.C. § 77l) and Count II (securities fraud pursuant to 15 U.S.C. § 77lj(b) and 17 CFR § 240.10b-5) of the Complaint, pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). (Not. Dismissal, ECF No. 100.) In addition, Plaintiffs

submitted a proposed order for the Court to sign, dismissing Counts I and II. (Proposed Order, ECF No. 100-1.)

The Ninth Circuit has held that a voluntary dismissal under Federal Rule of Civil Procedure 41 is not the proper vehicle for dismissing a single claim from a multi-claim complaint. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding that voluntary dismissal of one claim from a multi-claim complaint must be accomplished via Federal Rule of Civil Procedure 15(a)) (citing *Mgmt. Inv'rs v. United Mine Workers*, 610 F.2d 384, 394 & n. 22 (6th Cir. 1979)); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979); *United States v. Outboard Marine Corp.*, 104 F.R.D. 406, 414 (N.D. Ill. 1984); *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F. Supp. 16, 19–20 (S.D. Ohio 1982); *Smith, Kline & French Labs v. A.H. Robins Co.*, 61 F.R.D. 24, 27–29 (E.D. Pa. 1973)). The Ninth Circuit held in *Ethridge* that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism "[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." 861 F.2d at 1392 (citation omitted).

Because Plaintiffs have attempted to dismiss Counts I and II of the Complaint under Rule 41 and not Rule 15(a), the Court concludes that Plaintiffs' attempt to dismiss is improper. Accordingly, Plaintiffs may seek leave to amend their Complaint to dismiss Counts I and II, pursuant to Rule 15(a).

**C.      No Just Reason for Delay**

Because Counts I and II have not been dismissed, the operative Complaint seeks to recover on four theories, but Plaintiffs only move for default judgement on two causes of action—Counts III and IV. The Court, therefore, is not able to enter a final judgment in this case as to all claims. Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is not just reason for delay." Fed. R. Civ. P. 54(b).

Granting default judgment as to only some claims or some defendants is generally disfavored "in the interest of sound judicial administration." *See generally Curtiss-*

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (discussing, under Rule 54(b), whether the court can direct entry of final judgment on some, but not all claims) (citation omitted). In order to obtain default judgment on just some of their claims, Plaintiffs must provide an explanation as to why "there is no just reason for delay." *See* Fed. R. Civ. P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Plaintiffs assert there is no just reason for delaying entry of default judgment against Jellick and Wang because they are the only two remaining Defendants in this action. (Mot. 23.) In addition, Plaintiffs assert that they are seeking default judgment on the only two remaining claims against Jellick and Wang—Counts III (fraud and deceit) and Count IV (negligent misrepresentation)—due to their recent voluntary dismissal of Counts I and II of this action. (Mot. 24.) Therefore, Plaintiffs assert that Rule 54(b) is satisfied because default judgment would result in a final judgment as to all claims and parities herein. (*Id.*)

However, as previously stated, Plaintiffs have improperly attempted to dismiss Counts I and II of the Complaint and, as a result, all four causes of action in the Complaint are still pending. Therefore, the operative Complaint seeks to recover on four claims, but Plaintiffs only move for default judgment on two causes of action—Counts III and IV. Granting default judgment as to Counts III and IV, but not to Counts I and II, risks the possibility of the Court entering inconsistent judgments. Accordingly, the Court **DENIES** Plaintiffs' Motion for Default Judgement without prejudice. (ECF No. 101.)

///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Default Judgment without prejudice; and **DENIES** Plaintiffs' Request to Dismiss Counts I and II. (ECF Nos. 100, 101.) The Court **GRANTS** Plaintiffs' Motion for Approval of Ratification by Real Parties in Interest Hou Yunhang and Zhou Wenqi. (ECF No. 101.) The Court **ORDERS** Plaintiffs to provide the Court with a status report as to how they intend to proceed no later than **April 16, 2018**. Failure to respond to this Order may result in dismissal of this action without further warning.

**IT IS SO ORDERED.**

March 26, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**